IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROBIN F. GRIFFIN,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CIVIL ACTION NO.:** |
| ] | **1:06-CV-124-VEH** |
| **UNITED STATES OF AMERICA** ] | |
| **d/b/a UNITED STATES POSTAL** ] | |
| **SERVICE,** ] | |
| ] | |
| **Defendant.** ] | |

## **MEMORANDUM OPINION**

### **I.   INTRODUCTION**

Plaintiff Robin Griffin ("Ms. Griffin") originated this lawsuit in this court on January 23, 2006. (Doc. #1 at 1). Pending before the court is Defendant United States of America's ("Defendant") Motion for Summary Judgment (Doc. #28) filed on August 1, 2008.

This case arises out of Ms. Griffin's injuries resulting from a two-car automobile accident which occurred on July 25, 2003. (Doc. #1). Ms. Griffin was driving her motor vehicle at the time of the accident, while the other vehicle was being driven by Patsy R. Westbrook, an employee of Defendant, doing business as the United States Postal Service. (Doc. #1 at Compl. ¶ 2). Upon consideration of the

record and the relevant law, the court concludes that Defendant's Motion for Summary Judgment is due to be denied to the extent that it seeks to dismiss the entirety of Ms. Griffin's case, but granted to the extent that the damages sought by Ms. Griffin in this action are due to be limited to the $500,000 claimed in her first amended claim submitted to Defendant.

## II.     ANALYSIS

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a)-(b).

Rule 56(e) of the Federal Rules of Civil Procedure provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If

the adverse party does not so respond, summary judgment, **if appropriate**, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e) (emphasis added). Thus, although a court may not a grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving party has shown that there are no disputed issues of material fact and that she is entitled to judgment as a matter of law. *See, e.g., Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) ("Although the failure to respond may allow the district court to accept the movant's factual assertions as true ..., the moving party must still establish that the undisputed facts entitle him to a judgment as a matter of law."); *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) ("Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law."); *see also* Fed. R. Civ. P. 56(e).

  **A. Ms. Griffin has procedurally failed to respond to Defendant's Motion for Summary Judgment.**

Applying these standards to this case, the court accepts Defendant's undisputed factual assertions as true. (*See* Doc. #5 at App. II at 16-18; *id.* at 16 ("*All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the*

3

*party opposing summary judgment*.). Ms. Griffin has not come forward with any facts, evidence, and/or argument in response to Defendant's initial showing on summary judgment. The deadline for Ms. Griffin to file her written opposition to summary judgment was August 22, 2008. (Doc. #5 at App. II at 13 ("The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed.")). Therefore, from a procedural standpoint, Ms. Griffin has failed to meet her burden on opposition "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

### B. Substantively, Defendant's Motion for Summary Judgment fails to establish that Defendant is entitled to judgment as a matter of law with respect to a dismissal of the entire case.

However, despite Ms. Griffin's procedural default, the evidentiary record fails to demonstrate that summary judgment in favor of Defendant dismissing the entire case is appropriate. More specifically, the undisputed evidence does not show as a matter of law that Ms. Griffin failed to submit a proper notice of her claim.

The court accepts Defendant's undisputed assertions of facts as true. As required pursuant to 28 U.S.C. § 2675,[1] Ms. Griffin filed her Administrative Claim

---

[1] Claims brought under the Federal Tort Claims Act, as was the claim at bar, are governed by the regulations found in 28 U.S.C. § 2671, *et seq*.

4

against Defendant on or about September 26, 2003, but failed to declare an amount of claim for personal injury and/or for total damages. (Doc. #28 at 1; *id.* at Ex. A). On or about April 14, 2005, within her two-year statute of limitations, Ms. Griffin filed her first amended claim stating her personal injury damages as $79,508.72 and total damages as $500,000. (Doc. #28 at 2; *id.* at Ex. B); *see also* 28 U.S.C. § 2401(b) (setting the two-year limitation for claims brought under the Federal Tort Claims Act). Ms. Griffin stated an inaccurate date of the accident on her first amended claim. (Doc. #28 at 2; *id.* at Ex. B). Ms. Griffin's second and final amended claim was filed on or about September 13, 2007, which was filed after Ms. Griffin's two-year limitation and which increased her total claim of damages to $2,500,000. (Doc. #28 at 2; *id.* at Ex. C).

The court agrees that Ms. Griffin failed to properly adhere to 28 U.S.C. § 2675 on April 14, 2005, when she filed her initial administrative claim, since she did not include a sum certain. The applicable portion of 28 U.S.C. § 2675(a) explains that the plaintiff seeking relief under the Federal Tort Claims Act must "(1) give the appropriate agency written notice of his or her claim sufficient to enable the agency to investigate and (2) place a value on his or her claim." *Burchfield v. U.S.*, 168 F.3d 1252, 1255 (11th Cir. 1999). Thus, since Ms. Griffin failed to adhere to the second requirement of notice according to 28 U.S.C. § 2675(a), she failed properly put

Defendant on notice with her original filing.

However, Ms. Griffin subsequently filed her first amended claim which included a sum certain and which was submitted prior to the two-year time limitation for her case. (Doc. #28 at 2; *id.* at Ex. B). Defendant asserts that this first amended complaint likewise failed to put Defendant on proper notice according to 28 U.S.C. § 2675(a), since Ms. Griffin submitted an inaccurate date of the subject accident. However, since Defendant clearly recognized this error and had already received Ms. Griffin's initial claim, the court finds that Defendant had sufficient notice "to enable the agency to investigate" the claim within the two-year period. *See Burchfield v. U.S.*, 168 F.3d at 1255.

Defendant relies on *Atkins v. U.S.*, 896 F.2d 1324 (11th Cir. 1990) to support its argument for the granting of summary judgment in its favor. *Atkins* is distinguishable from the case at bar. While the *Atkins* court did affirm a summary judgment adverse to the claimant, the claimant there "provided nothing to the Government within the time period prescribed by the statute that would have permitted a reasonable estimate of the value of their claim." *Id.* at 1325. In the present case, on the other hand, Ms. Griffin provided Defendant a sum certain in her first amended claim which was filed within the two-year limitation. (Doc. #28 at 2; *id.* at Ex. B). In addition, the two claims submitted within the two years provided

sufficient information to enable the government to investigate Ms. Griffin's claim, including the drivers involved in the accident, the location of the accident, and the sum certain. *See Burchfield v. U.S.*, 168 F.3d at 1255.

The court also takes into consideration that the purpose of enacting 28 U.S.C. § 2675(a) was "to encourage prompt settlement of claims and to ensure fairness to [Federal Tort Claim Act] litigants." *Burchfield v. U.S.*, 168 F.3d at 1255 (recognizing that the amount of information required to be presented in a claim by the claimant is "minimal"); *see also Portillo v. U.S.*, 816 F. Supp. 444, 446 (W.D. Tex. 1993) ("No particular form or manner of giving notice is required."); *Cook v. U.S.*, 978 F.2d 164, 165-66 (5th Cir. 1992) ("A claimant gives proper notice within the meaning of 28 U.S.C. § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim."); *Lopez v. U.S.*, 758 F.2d 806, 808-09 (1st Cir. 1985) ("Although the legislation is a waiver of the government's traditional privilege to be free from suit, and thus must be construed strictly ... we approach this issue ... keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims."). Considering the purpose behind 28 U.S.C. § 2675(a) and finding that Defendant has failed to establish that it was not sufficiently put on notice of Ms. Griffin's claim within two years, the court finds that Defendant is not entitled to judgment as a matter of law on Ms.

Griffin's claim. Therefore, summary judgment in Defendant's favor is due to be denied to the extent that it seeks the dismissal of Ms. Griffin's entire case.

### C. Substantively, Defendant's Motion for Summary Judgment establishes that Defendant is entitled to a limitation on the amount of damages claimed by Ms. Griffin.

However, the court agrees with Defendant that Ms. Griffin's claims are due to be limited to the sum certain amount specified in her first amended claim, which was $500,000. (Doc. #28 at 4; *id.* at Ex. B). Once again, the court accepts Defendant's unopposed assertion of fact that "[t]here was no newly discovered evidence between the April 14, 2005 claim in which the plaintiff claimed damages of $500,000 and the September 13, 2007 [claim] in which the plaintiff claimed damages of $2,500,000." (Doc. #28 at 4; Doc. #5 at 16-18). Moreover, in her failure to respond to Defendant's Motion for Summary Judgment, Ms. Griffin failed to meet her burden of proving any "newly discovered evidence or intervening facts," which is required in order to increase her potential damages to the amount specified in her second amended claim. *See Davis v. Marsh*, 807 F.2d 908, 914 (11th Cir. 1987). Therefore, the court finds that Ms. Griffin's claims are due to be limited to $500,000, as specified in her first amended claim to Defendant. *Id.* at 912. ("Only those tort claims presented ...[timely] to the appropriate administrative agency are cognizable in a tort action against the United States. *** The only timely claim filed with the administrative agency limited

8

the damages to a total possible recovery of $100,000.")

### III. CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment is due to be denied in part and granted in part. More specifically, Defendant's Motion for Summary Judgment is due to be denied to the extent that it seeks a dismissal of Ms. Griffin's entire case, but granted to the extent that Ms. Griffin's damages are due to be limited to $500,000. The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this the 7th day of November, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge