FILED

2008 Dec-04  PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

|  |  |
|---|---|
| **ROBIN F. GRIFFIN,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | **CIVIL ACTION NO.:** |
| **v.** ] | **1:06-CV-124-VEH** |
| ] | |
| **UNITED STATES OF AMERICA** ] | |
| **d/b/a UNITED  STATES  POSTAL** ] | |
| **SERVICE,** ] | |
| ] | |
| **Defendant.** | |

---

## <u>MEMORANDUM OPINION</u>

Currently before the Court is the Plaintiff's Motion to Alter Vacate or Amend (Doc. 32) the Court's Order of November 7, 2008 (Doc. 30).   This case is premised on the Federal Tort Claims Act and arises out of an automobile accident between an employee of the United States Postal Service and the Plaintiff.   The Plaintiff submitted a brief in support of its motion, the United States filed a responsive brief in opposition, and the Plaintiff filed a reply brief.  (Docs. 32, 34, 36.)  The Court has considered the parties' arguments, and motion is now under submission.  For the reasons discussed below, the Motion to Alter Vacate or Amend Order is due to be **GRANTED**.

**II.     Factual and Procedural History**

The Plaintiff, Robin Griffin, was involved in an automobile accident on July 25, 2003, with an employee of the United States Postal Service.  (Doc. 28.)  As a proximate result of the accident, Griffin suffered injuries to her back, head, arm and foot, from which she continues to suffer pain.  Griffin's original administrative claim did not specify damages, but subsequently, her amended claim filed on April 14, 2005 sought damages in the amount of $500,000.  (Doc. 28, Ex. B.)  In this amended claim, Griffin sought recovery for injury to her "left arm, forehead, left foot and back." (Doc. 28, Ex. B.)  Finally, on September 13, 2007, Griffin amended her claim a second time, seeking damages in the amount of $2,500,000.  (Doc. 28, Ex. C.) Griffin alleged no new injuries but again sought compensation for injuries to her "left arm, forehead, left foot and back."  *Id.*  The Postal Service administratively denied her claim, and Griffin filed her complaint (Doc. 1) in federal court.

The United States filed a motion for summary judgment on August 1, 2008, seeking dismissal of Griffin's claims on the ground that she failed to properly submit her claim within two years of the accident, and it sought to limit her damages to $500,000 on the ground that there was no newly discovered evidence to justify the discrepancy in damages between her first amended claim and her second amended claim.  (Doc. 28 at 3-4.)  The Plaintiff did not successfully file a response, and the

Court granted summary judgment in part and denied it in part in its Memorandum Opinion and Order. (Docs. 28-29.) Specifically, the Court found that the claims were filed in a timely manner, but that Griffin had not provided any newly discovered evidence to the Court in order to justify her increased claim for damages. (Doc. 28 at 4-5.)

Griffin now asks the Court to amend its Order insofar as it limits her damages. (Doc. 30.) As the basis for this motion, she submits that she "believed that [she] has [sic], in fact, filed a response with the Court . . . on September 11, 2008. It is now apparent that the filing on that date was unsuccessful either due to some error in the electronic filing system or an error on our part in uploading the documents." (Doc. 30 at 1.) Griffin's attorney attaches two affidavits attesting to the filing difficulties. (Doc. 32 at 3-5.) Griffin's unfiled response declared that in March, 2007, the prognosis for her back injuries fundamentally changed when her treating physician diagnosed her with "failed back syndrome," and referred to another physician for pain management. (Doc. 32, Ex. 2 at 15.) This the first mention in the record of failed back syndrome. *Id.* at 6.

## III.   STANDARD OF REVIEW

Griffin requests relief pursuant to Rule 59(e), which allows a court to alter or amend a judgment as long as a timely motion is filed within ten days of the adverse

order.   Rule 59(e) does not provide any specific factors or grounds for relief that a
district court must consider before granting the motion.  *American Home Assur. Co.
v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1238-1239 (11th Cir. 1985).  Instead,
"[t]he decision to alter or amend judgment is committed to the sound discretion of the
district judge and will not be overturned on appeal absent an abuse of discretion."
*Lawson v. Singletary*, 85 F.3d 502, 507 (11th Cir. 1996).

The Eleventh Circuit has not provided specific factors to consider, but the
district courts have generally granted motions brought under Rule 59(e) when
considering "(1) an intervening change in controlling law; (2) the availability of new
evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman
v. Salem, Saxon & Nielsen, P.A.*,  153 F.R.D. 689, 694 (M.D. Fla. 1994) (citing
*Decker Coal Company v. Hartman*, 706 F.Supp. 745, 750 (D. Mont. 1988); *All
Hawaii Tours v. Polynesian Cultural Center*, 116 F.R.D. 645, 649 (D. Haw. 1987);
*see also* 11 Wright, Miller & Cooper, *Federal Practice and Procedure* § 2810.1
(2008) ("There are four basic grounds upon which a Rule 59(e) motion may be
granted.  First, the movant may demonstrate that the motion is necessary to correct
manifest errors of law or fact upon which the judgment is based.  Second, the motion
may be granted so that the moving party may present newly discovered or previously
unavailable evidence. Third, the motion will be granted if necessary to prevent

manifest injustice.  Serious misconduct of counsel may justify relief under this theory.

Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling

law.").  Griffin files the pending motion in order to avoid manifest injustice.  (Doc.

36 at 1.)  With the standard in mind, the Court turns to the merits of the pending

motion.

## IV.   ANALYSIS

Upon review of the Plaintiff's Rule 59(e) motion, and considering the broad

discretion granted to the Court in deciding such an issue, the Court finds that it is in

the interests of justice to reconsider its prior order insofar as it limits the damages that

Griffin may recover.  Griffin apparently did not file her responsive brief due to a

mistaken belief that her opposition and evidentiary materials had been filed through

the Court's electronic filing system (Doc. 32 at 1.)  The interests of justice would be

served by addressing the merits of Griffin's legal argument in her untimely filed brief

in order to determine whether her damages were properly limited.

In limiting the Plaintiff's damages, the Court wrote:

> [T]he court agrees with Defendant that Ms. Griffin's claims
> are due to be limited to the sum certain amount specified in her
> first amended claim, which was $500,000. (Doc. #28 at 4; *id.* at Ex.
> B). Once again, the court accepts Defendant's unopposed assertion
> of fact that "[t]here was no newly discovered evidence between the
> April 14, 2005 claim in which the plaintiff claimed damages of
> $500,000 and the September 13, 2007 [claim] in which the plaintiff

claimed damages of $2,500,000." (Doc. #28 at 4; Doc. #5 at 16-18). Moreover, in her failure to respond to Defendant's Motion for Summary Judgment, Ms. Griffin failed to meet her burden of proving any "newly discovered evidence or intervening facts," which is required in order to increase her potential damages to the amount specified in her second amended claim. *See Davis v. Marsh*, 807 F.2d 908, 914 (11th Cir. 1987). Therefore, the court finds that Ms. Griffin's claims are due to be limited to $500,000, as specified in her first amended claim to Defendant. *Id.* at 912.

(Doc. 29 at 8.)

A claim brought under the Federal Tort Claims Act must be initiated by filing an administrative complaint within two years after the claim accrues. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."). Once that claim is initiated in a timely manner, the damages recoverable by a plaintiff are limited to the initial amount claimed barring the special circumstances contained in 28 U.S.C. § 2675(b), which provides, "[an] Action under [the FTCA] shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

Thus, the Court must determine whether Griffin presents newly discovered

evidence that justifies the increase in damages in her final amended administrative claim.  As a threshold question, however, the Court must address whether the court may consider new evidence discovered more than two years after the claim accrued, as is the case here.

The Eleventh Circuit has implicitly held that newly discovered evidence can be considered without regard to the limitations period of an FTCA claim, as long as the plaintiff filed a timely administrative claim.  *See Fraysier v. United States*, 766 F.2d 478 (11th Cir. 1985).

In *Fraysier*, the plaintiff was injured while at a VA hospital in March of 1977. He filed an administrative claim in January of 1978 after he received a bacterial infection from his treatment and sought $50,000 in recovery.  After the government denied liability for his administrative claim, he brought suit in the district court in August of 1980, seeking recovery for $1.5 million, amending the amount more than three years after the claim accrued.  *Id.* at 479.  Without discussing the statute of limitations, the Eleventh Circuit affirmed the district court's finding that the damages should not be limited to the amount in the administrative claim.  *Id.* at 481.  In reaching this decision, the court wrote that "[t]he purpose of section 2675(b) undoubtedly is to limit claims on which there is only a change in valuation between the agency claim and the lawsuit." *Id.* at 480.  Furthermore, it wrote that "[a plaintiff]

7

should not be charged with knowing what the doctors could not tell him." *Id.* at 481.

Outside of the Eleventh Circuit, the Court uncovered no decisions where a court failed to consider newly discovered evidence because it was presented outside of the statute of limitations; rather, other courts have simply considered newly discovered evidence without regard as to whether the statute of limitations has expired, as the Eleventh Circuit did in *Fraysier*. *See, e.g.*, *Michels v. United States*, 31 F.3d 686, 689 (8th Cir. 1994) (allowing amendment to the damages sought more than four years after the claim accrued); *Zurba v. United States*, 318 F.3d 736, 744 (7th Cir. 2003) (allowing increased damages based on newly discovered evidence more than five years after the initial claim arose).

Thus, the Court can consider Griffin's newly discovered evidence, even though the limitations period has expired. Logically, this rule makes sense, as it would be an unfortunate rule to strictly apply limitations periods to injuries that a plaintiff had no opportunity to discover prior to the expiration of the time to properly make his or her claim. However, it is a separate question as to whether the "newly discovered evidence" in this case is sufficient to permit the increased damages sought by the plaintiff. The Court now turns to this issue.

The Eleventh Circuit elaborated on its standard for evaluating newly discovered evidence in *United States v. Cole*, 861 F.2d 1261, 1262 (11th Cir. 1988).

8

[A] reasonably based change in expectation as to the severity and permanence of an injury is newly discovered evidence within the meaning of section 2675(b). *Fraysier v. United States*, 766 F.2d 478 (11th Cir.1985). In *Fraysier*, the plaintiff was allowed to recover damages in excess of his administrative claim because at the time of filing he reasonably believed, based on a physician's incorrect diagnosis, that his condition would improve, but discovered later that his injuries were permanent. As we stated there, "[p]laintiff should not be charged with knowing what the doctors could not tell him." *Id.* at 481. *See also United States v. Alexander*, 238 F.2d 314, 318 (5th Cir.1956) (plaintiff allowed increase in damages when he believed at time of filing that his arm would heal but later discovered that it would not improve without surgery); *Husovsky v. United States*, 590 F.2d 944, 954-55 (D.C.Cir.1978) (prediction of increased life span warranted increased damages); *McDonald v. United States*, 555 F.Supp. 935, 957-62 (M.D.Pa.1983) (change in knowledge of severity of impairments in part supported newly discovered evidence determination) *aff'd mem.*, 738 F.2d 423 (3d Cir.1984); *Rabovsky v. United States*, 265 F.Supp. 587 (D.Conn. 1967) (plaintiff allowed to increase damages after securing a medical opinion when, through no fault of his own, he had not consulted a physician and did not know the extent of his injuries at the time of filing his claim.).

This discussion represents the most recent Eleventh Circuit opinion on the standard for newly discovered evidence. Applying this standard, the Court looks to the Plaintiff's submission and finds that it is sufficient.

In her untimely response, Griffin submits evidence of a diagnosis from her doctor of "failed back syndrome," which first appeared in April, 2007. (Doc. 32 at 9; *see also*, Doc. 32, Ex. 3.) Although she had previously sought recovery for injuries

9

to her back, this diagnosis was new.  *Id.*  The evidence represents a change in the expected severity of Griffin's condition and, under the Eleventh Circuit's decision in *Cole*, it would therefore be inappropriate to limit the damages.  As Griffin argues, "this new information is precisely the kind of evidence which according to the terms of 28 U.S.C. 2675(b) [sic] would allow for an amendment of the claim . . . ."  (Doc. 32 at 9.)  The Court agrees, and it finds that the amendment was properly based on newly discovered evidence.  Therefore, had Griffin's responsive brief been timely filed, the Court would not have limited her damages to $500,000.

## IV.   CONCLUSION

Using its discretion, the Court finds that Griffin's Motion to Alter Vacate or Amend Judgment is due to be **GRANTED**.  The Court believes that it is in the interest of justice to consider the Plaintiff's argument on the merits.  Having done so, the Court now finds that its prior order should not have limited the Plaintiff's damages sought under the Federal Tort Claims Act.  An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this the 4th day of December, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

10