FILED

2009 Nov-30  PM 05:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

| | | |
|---|---|---|
| **ROBIN F. GRIFFIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **1:06-CV-124-VEH** |
| **UNITED STATES OF AMERICA** | ) | |
| **d/b/a UNITED STATES POSTAL** | ) | |
| **SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant's Motion for a New Trial (doc. 56). The motion is brought pursuant to Federal Rule of Civil Procedure 59. Plaintiff filed a written opposition to the motion (doc. 58), and the matter is now ripe for review. After careful consideration, and for the reasons stated herein, Defendant's Motion for a New Trial is due to be, and it hereby is, **DENIED**.

Defendant does not rely on a particular subdivision of Rule 59. Nevertheless, the Court concludes that Defendant's motion is properly analyzed in light of `Rule 59(a)(2), which provides as follows: "After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." FED. R. CIV. P. 59(a)(2). As the Hon. William H. Steele, United

States District Judge for the Southern District of Alabama, recently stated:

> Applying this Rule, courts have explained that "a trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice." *LiButti v. United States*, 178 F.3d 114, 118 (2nd Cir. 1999) (recognizing newly discovered evidence as one circumstance in which it may be appropriate to grant a new trial in a nonjury action); *see also Sogeti, U.S.A., L.L.C. v. Whirlwind Bldg. Systems, Inc.*, 496 F. Supp. 2d 380, 381 (S.D. N.Y. 2007) (Rule 59 motions for new trial "will not be granted simply to reconsider issues that have already been fully litigated and upon which a legally sound decision has already been rendered"); *Kuch v. United States*, [No. CV-03-0355-JLQ,] 2007 WL 3129674, *2 (E.D. Wash. Oct. 23, 2007) (relief under Rule 59(a)(2) is appropriate in the presence of manifest error of law, manifest error of fact, or newly discovered evidence); *Tampa Port Authority v. M/V Duchess*, 65 F. Supp. 2d 1303, 1305 (M.D. Fla. 1998) ("In a nonjury case, a motion for a new trial should be based upon a 'manifest error of law or mistake of fact' and should only [be] granted for 'substantial reasons.' ") (citation omitted).

*Baucom v. Sisco Stevedoring, LLC*, No. 06-0785-WS-B, 2008 WL 2428930, at *3 (S.D. Ala. June 12, 2008).

"The determination of whether or not to grant a motion for new trial is committed to the sound discretion of the district court." *Id.* at n.4 (citing *Carter v. DecisionOne Corp.*, 122 F.3d 997 (11th Cir. 1997) ("Whether a new trial on damages should be granted is within the sound discretion of the district court. . . ."); *Hessen for Use and Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 644 (11th Cir. 1990) ("Motions for a new trial are within the sound discretion of the district

court. . . ."); *Solmitz v. United States*, 640 F.2d 1089, 1091 n.1 (9th Cir. 1981) ("The

decision whether to amend findings of fact or conclusions of law in light of newly

discovered evidence rests within the discretion of the district court.")).  Also,

> "Failure to present evidence at trial is not a grounds for a new trial."
> *Hewlett-Packard Co. v. Mustek Systems, Inc.*, 340 F.3d 1314, 1323 (Fed.
> Cir. 2003). Further, the remedy of granting a motion for new trial is
> "sparingly used." *Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d
> 368, 375 (1st Cir. 2004). "A trial court should not grant a new trial
> merely because the losing party could probably present a better case on
> another trial." *Hannover Ins. Co. v. Dolly Trans Freight, Inc.*, [No. 6:05-
> cv-576-Orl-19DAB,] 2007 WL 170788, *2 (M.D. Fla. Jan. 18, 2007).
> That said, "[a] court may . . . order a new trial limited to the issue of
> damages," *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320,
> 1328 n. 6 (11th Cir. 1999) . . . .

*Id.* at n.5.

Defendant first argues that the Court's Final Judgment Order and Memorandum

of Decision "fail to set forth with specificity an itemization of the award so as to show

that improper matters were not considered."  (doc. 56, p.1).  Specifically, Defendant

is concerned that the Court awarded punitive damages and did not calculate the

damages award to reflect present values.  Defendant speculates that the Court might

have impermissibly committed those erroneous acts because the Memorandum of

Decision and Final Judgment do not expressly state that the Court <u>did</u> <u>not</u> award

punitive damages or calculate damages to present day values.  Defendant's argument

seems to be based on the premise that where a trial court does not exhaustively

3

describe the ways in which it did not commit error or act outside of the law (*i.e.*, awarding punitive damages in a Federal Tort Claims Act case), any such omissions of that kind are *per se* indicative of error.  Stated differently, Defendant asserts that the Court knowingly or negligently committed error based on the fact that the Court did not proclaim that it followed the law when calculating damages.

Contrary to Defendant's argument, when awarding damages following a bench trial, it is not necessary for this Court to go into the sort of detailed explanation  as suggested by Defendant.  A district court is "not required to explain its method of computing the amount of the award" of damages in a Federal Tort Claims Act case. *Chesser v. United States*, 387 F.2d 119, 121 (5th Cir. 1967) (citing *Robey v. Sun Record Co.*, 242 F.2d 684, 690 (5th Cir. 1957) (in a breach of contract case, the former-Fifth Circuit refused to adopt a rule requiring district judges "to specify the method by which the calculation of damages was made" and noted that "the district court was not required to undertake such a task")).  The amount of the judgment must simply be substantiated by the evidence, and will be reviewed on appeal to determine whether the amount was clearly erroneous.  *See id.*  Therefore, "it is necessary in any case that the findings of damages be made with sufficient particularity so that they may be reviewed." *Hatahley v. United States*, 351 U.S. 173, 182 (1956).  *See also Ferraro v. United States*, 603 F.2d 510, 514 (5th Cir. 1979) (noting that a trial court

did not properly "itemize its findings and conclusions of damages as required" so that the appellate court could review the award for error).    Defendant's argument confuses the difference between a court's obligation to provide findings of sufficient particularity for review on appeal with Defendant's desire to have an "itemized" explanation of how the Court reached its damages calculation.  In the present case, Defendant relies on unfounded speculation and suggestion in making its argument that this Court's damages award has not been adequately set out.  Accordingly, Defendant has not convinced this Court that it failed to meet its burden of penning findings and conclusions that are sufficient such that they can be reviewed on appeal.

In this case, the Court's damages award of $750,000.00 included "compensation for pain and suffering (including mental anguish), permanent impairment, reasonable and necessary medical expenses (past and future), and lost wages." (doc. 54, at p.21.).  That award is supported by the evidence in this case. Moreover, and so there is no misunderstanding on this point, the Court's damages award does not include punitive damages and is based on present values.  The Court is of the opinion that its Memorandum of Decision and Final Judgment Order provide enough information such that an appellate court could determine whether this Court committed error.

Defendant next argues that "[t]he judgment is excessive and against the great

5

weight of the evidence." The Court disagrees. Also, Defendant does not cite to any binding authority or to any of the evidence of record in support of its argument on this point. In essence, the argument is woefully underdeveloped. The Court will not give consideration to arguments that are not fully developed or bolstered with legal authority. *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (refusing to address a party's "perfunctory and underdeveloped argument") (citing *Flanigan's Enterprises*, *Inc. v. Fulton County*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that "fail[ure] to elaborate or provide any citation of authority in support [of an argument]" results in waiver)).

In any event, Defendant has not offered any hard numbers or cited to any of the evidence introduced at trial to support its argument that this Court's damages calculation is excessive and against the great weight of the evidence. Moreover, any such offering should be viewed with a jaundiced eye. For example, assume that Plaintiff lives to be 65 years of age. She was 35 at the time of the accident. It was undisputed at trial that Plaintiff had incurred $90,527.98 in medical bills, that the bills were reasonable and necessary, and that Blue Cross Blue Shield asserted a lien in the amount of $36,277.09 against any judgment in this action. Furthermore, evidence was introduced at trial that Plaintiff pays $167.00 each month for pain medication that she takes as a result of the injuries she sustained in the accident. Plaintiff was

employed, and earned roughly $23,000.00 per year.  There was no evidence introduced at the trial of this matter to indicate that Plaintiff's past income should be offset by a specific amount of payments for permanent disability or otherwise, so any such offset by this Court would be mere speculation.  Taking those factors alone into consideration, and without factoring compensation for pain and suffering or permanent disability, the evidence would support a damages award of $840,647.98. Under the foregoing hypothetical,[1] the award of damages in this case of $750,000.00 is supported by the evidence.

Finally, Defendant renews its argument that the Court erred in denying its motion for summary judgment.  That issue has been fully considered by this Court, and will not be revisited here.

In conclusion, and for the foregoing reasons, the Court finds that Defendant has not demonstrated that it is entitled to a new trial pursuant to Federal Rule of Civil Procedure 59.  In consideration of the notion that motions for a new trial are to be granted in rare and justifiable circumstances, the case at bar simply does not fit the bill.

---

[1] This hypothetical should not be read as a description of the Court's method of calculating damages, nor as an explanation of the Court's damages award.  It is merely intended to refute Defendant's unsubstantiated argument that the damages awarded in this case are not supported by the evidence of record.

**DONE** and **ORDERED** this the 30th day of November, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge